UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MADELINE B., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:24-cv-00684-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by this Magistrate Judge. *See* Dkt. 2. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 1, Complaint.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for DIB in June 2020, alleging disability beginning July 22, 2018. Administrative Record (AR) 195. The ALJ found the date last insured was December 31, 2023. AR 13. Her application was denied at the initial level and on reconsideration. AR 60–103, 110, 114.

Administrative Law Judge (ALJ) Evangeline Mariano-Jackson conducted a hearing on February 23, 2023, and issued a decision denying benefits on August 4,

1

2023. AR 8–59. The ALJ found plaintiff had the following severe impairments: osteoarthritis of the left shoulder with somatic dysfunction; segmental and somatic dysfunction of lumbar regions; arthritis, right and left hand; bilateral sensorineural hearing loss; major depressive disorder; anxiety/panic disorder with agoraphobia. AR 13–14. The ALJ found plaintiff had the residual functional capacity (RFC) to

> perform medium work as defined in 20 CFR 404.1567(c) except: she can never climb ladders, ropes or scaffolds; can frequently but not constantly reach in any direction with the left upper extremity; can frequently but not constantly handle and/or finger with the bilateral hands; can never work at unprotected heights or around moving mechanical parts or heavy machinery; can never work around open flames or bodies of water; can tolerate moderate noise; can tolerate occasional interaction with supervisors, coworkers, and the public (interaction with others may be direct interaction, but is brief and superficial).

AR 16. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of Commissioner. AR 1–5. Plaintiff appealed to this Court. *See* Dkt. 1 (Complaint).

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.*

### A. Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of the medical opinions of Steven Talmadge, Ph.D. (rendered in May 2019); Gary Sacks, Ph.D. (January 2021); and two state agency consultants. Dkt. 7 at 12–15.

Under the 2017 regulations applicable to this case, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). When deciding that medical evidence is unsupported or inconsistent, the ALJ is required to give an explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022).

1. Dr. Talmadge

Dr. Talmadge opined "it is unlikely that [plaintiff] could work an eight hour day for five days a week without being overwhelmed by anxiety and psychological distress." AR 337. The ALJ discounted the opinion in part because it was based on plaintiff's subjective reporting (some of which Dr. Talmadge acknowledged was obtained "without corroboration"). AR 21. The ALJ also noted the opinion clashed with normal mental status examinations showing normal mood, speech, thought process, affect, and behavior. *Id.*

Dr. Talmadge conducted several tests revealing objective medical evidence, including the Trails Making Tests, measuring information processing efficacy. AR 335–36. Plaintiff completed one part "slowly but precisely" with a "score in time to task completion within an extremely low range" and was unable to complete the other part. AR 335. Dr. Talmadge observed plaintiff's "executive function appeared to break down when she was faced with the task of processing increasingly complex information." AR 335–36. He supported his opined limitation by explaining that "under stress her executive functioning involving planning and organizing appears to breakdown" but plaintiff was "otherwise cognitively intact." AR 336.

Thus, Dr. Talmadge's opinion was based on observed deficits in executive functioning upon encountering stressful situations. It was not primarily based on plaintiff's subjective reporting, nor do the normal mental status examinations cited by the ALJ contradict the objective findings related to functioning under stress. The ALJ therefore failed to provide adequate reasons supported by substantial evidence for rejecting the opinion. Because the residual functional capacity assessment and hypothetical question to the V.E. were incomplete, this error requires reversal. *See Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988).

2. <u>Dr. Sacks and State Agency Consultants</u>

Dr. Sacks opined on January 29, 2021 that plaintiff had a marked limitation in her capacity to perform activities of daily living as well as several other mild and moderate limitations. AR 615-618. The ALJ found the marked limitation unpersuasive because it contradicted evidence showing plaintiff could perform her activities of daily living. AR 21.

The ALJ found the remaining limitations persuasive based on the normal mental status examinations of record. *Id.* The state agency consultants opined plaintiff could interact with others occasionally, follow instructions, and adapt to normal changes in routine. AR 77–78, 98–100. The ALJ found the opinions persuasive because they were consistent with normal mental status examinations, as well as some evidence showing plaintiff responded well to medications. AR 21.

Plaintiff argues "Dr. Sacks and the reviewing sources all downplayed the impact that plaintiff's anxiety and panic attacks would have on her ability to tolerate the stresses and expectations of a work environment or to attend work." Dkt. 7 at 14. This, however, does not establish error in the ALJ's assessment of these opinions. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[T]he report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (quotation omitted, emphasis in original). The ALJ adequately pointed to some evidence, such as normal mental status examinations and some evidence showing plaintiff improved with treatment, which at least arguably supported the determinations of these sources. The ALJ did not err in considering the opinions of Dr. Sacks and the state agency consultations.

**B. Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of her subjective symptom testimony about the impact of her depression, anxiety, and panic disorder. Dkt. 7 at 3. Plaintiff testified her panic attacks and depression made it difficult to be in public and caused chest pain. AR 50–51, 263, 268, 284. She reacts mentally and physical to stress and "shut[s] down." AR 269.

1    The ALJ was required to give specific, clear, and convincing reasons for rejecting this testimony. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). Commissioner argues the ALJ did so by pointing to (1) inconsistencies between plaintiff's testimony and objective medical evidence, (2) evidence of effective treatment which plaintiff was sometimes non-compliant with, and (3) plaintiff's activities of daily living. Dkt. 9.

 Objective Medical Evidence. The ALJ described much of the medical evidence, including treatment notes with mental status exams showing plaintiff had normal mood, speech, thought process, affect, and behavior. AR 17–20. The ALJ then concluded plaintiff's allegations were "not entirely consistent with the medical evidence." AR 20.

 This is not enough to establish the medical evidence was inconsistent with plaintiff's allegations. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must...explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original); *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited.").

 And it is not apparent how the evidence cited by the ALJ contradicts plaintiff's allegations of severe panic attacks and difficulties responding to stress. Some of the treatment notes cited were in the context of plaintiff having symptoms related to stress and anxiety (*see* AR 724, 747). The ALJ's decision cherry-picks the portions of the

treatment records where an observation of the medical care provider seems to show a normal result, while overlooking the portions of the documents where the medical care provider notes results that show dysphoric mood, and plaintiff exhibiting signs of symptoms showing she was nervous, anxious, and depressed. This cherry-picking in the ALJ's decision was error. *Attmore v. Colvin,* 827 F.3d 872, 877 (9th Cir. 2016).

<u>Treatment</u>. The ALJ stated that plaintiff's "anxiety is noted to be well-controlled by medications when she takes them" and that plaintiff has not sought treatment or therapy. AR 20.

To the extent that the ALJ discounted plaintiff's testimony based on evidence that plaintiff was not taking medications, the ALJ erred in failing to address the potential reasons plaintiff did not follow through with her treatment. *See* AR 50–51 (plaintiff testified to vision problems and nausea from medications, declining to go to therapy based on insurance issues); SSR 16-3p (ALJs may not discount symptom testimony on basis of failure to pursue further treatment "without considering possible reasons he or she may not comply with treatment"). The medical record shows plaintiff sought emergency care in July 2018, and reported severe anxiety, chest pain, and inability to breathe. AR 747-752. At that time, she shared she had been taking medication to control anxiety but needed to make a change in care providers and update the medications. *Id.* She followed up after that appointment by obtaining counseling and medications from mental health care providers. AR 790, 804, 924-950. She reported that she had taken many medications over the years for her mental health conditions, some medications caused side effects, and some did not work. *Id.* After receiving medication with Cymbalta and Duloxetine in October 2021, plaintiff reported to the

1 therapist that there was some improvement. AR 956-964. In January 2023, plaintiff
2 reported to a mental health professional that she could not take medications, because
3 of side effects of seeing stars and lights, and she was experiencing severe anxiety
4 symptoms in public places. AR 970.
5   Although the record shows plaintiff took one cardiac medication for anxiety which
6 she did not testify had side-effects (AR 52), to the extent that the ALJ found that cardiac
7 medication was effective in treating mental health symptoms, this was not supported by
8 substantial evidence. Although plaintiff reported at one appointment there was initial
9 improvement from the medication, she revealed she still struggled with being
10 overwhelmed in public and often avoided doing so (AR 580-581). *See Holohan v.*
11 *Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("some improvement" in a person's
12 symptoms "does not mean that the person's impairments no longer seriously affect her
13 ability to function in a workplace"); *Garrison*, 759 F.3d at 1017 ("[I]mproved functioning
14 while being treated and while limiting environmental stressors does not always mean
15 that a claimant can function effectively in a workplace.").
16   The ALJ's decision concerning plaintiff's alleged failure to follow up with
17 treatment was error because the reason is not supported by substantial evidence.
18   <u>Activities of Daily Living</u>. The ALJ noted plaintiff could perform some activities of
19 daily living while at home, and that plaintiff was able to take care of horses. AR 17–20.
20 Yet plaintiff testified that she could not care for her horses any longer, she ceased
21 taking care of the horses in October 2022 when she injured her left hand, and her
22 spouse was doing all of that work to maintain their horses. AR 45-46, 50. When she had

her left hand evaluated in February 2023, she reported that she injured her hand in a motor vehicle accident during October 2022. AR 988, 992.

The ALJ did not explain, nor can the Court discern, how this conflicted with her statements that she largely stayed within her home and could not handle stresses outside her home effectively. *See Garrison*, 759 F.3d at 1016 ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

The Commissioner points to two specific activities—plaintiff's searching for work and her alleged activity of showing horses—and emphasizes these as inconsistent with her testimony. Dkt. 9 at 7–8. The ALJ discussed these activities but did not point to any inconsistency between the testimony and the activity, so the Court cannot affirm on this basis. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("[W]e are constrained to review the reasons the ALJ asserts.").

While one treatment note conveyed that plaintiff looked for work (AR 800), it did not state that plaintiff was looking for full-time work. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("[T]he record here does not establish whether Carmickle held himself out as available for full-time or part-time work. Only the former is inconsistent with his disability allegations."). Two treatment notes listed "horses, showing, sewing" (the first note appears on a medical record from September 2019, and the second note is identical to the entry from the 2019 note, but repeated in January 2023, listing "hobbies" of plaintiff [AR 569, 968]), yet this cryptic note does not establish by clear and convincing evidence that plaintiff attended horse shows or rode

9

horses in shows during the relevant period. Plaintiff testified that, at the time of the hearing in February 2023, she did not ride the horses, they were "pasture pets". AR 50.

The ALJ failed to provide adequate reasons supported by substantial evidence for rejecting plaintiff's subjective testimony. Because the residual functional capacity assessment and hypothetical question to the V.E. were incomplete, this was harmful error that requires reversal. *See Carmickle*, 533 F.3d at 1160.

## CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 12th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge